IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KATHY M. WIGGINS,            )
                             )
        Plaintiff,           )
                             )
     v.                      )     1:11CV1093
                             )
CREDIT MANAGEMENT,           )
                             )
        Defendant.           )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge sua sponte to address Plaintiff's failure to comply with court orders. For the reasons that follow, the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

BACKGROUND

This case began when Plaintiff (or someone using Plaintiff's name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," which describes the case as "an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;* and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*[.]" (Docket Entry 2 at 1.) It further

identifies Defendant as "a Texas Corporation, authorized to do business in North Carolina." (Id. (emphasis added).)

The Court (per the undersigned Magistrate Judge) granted the IFP Application and ordered Plaintiff to "prepar[e] and deliver[] to the Clerk[] the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation . . . ." (Docket Entry 4 at 1 (emphasis added).) That Order (which the Court promptly mailed to Plaintiff) further warned that a "[f]ailure to prepare and deliver said summons within 15 days . . . shall result in this case being dismissed without further notice." (Id.; see also Docket Entry dated Dec. 14, 2011.) The summons form provided by (or by someone on behalf of) Plaintiff (apparently, given the date of its docketing, prior to her receipt of the foregoing Order)[1] gave an address in Texas, but lacked the name and title of an individual to receive service on behalf of Defendant. (See Docket Entry 5 at 1.) The United States Marshals Service later returned that summons undelivered with a notation reflecting "Business No Longer at address." (Docket Entry 7 at 1.)

The Court promptly mailed the returned summons to Plaintiff (long after she would have received the earlier Order instructing her about the requirements for a proper summons). (See Docket

---

[1] The Court often receives completed summons forms along with the initial case-opening documents, such as complaints and pauper applications.

Entry dated Jan. 26, 2012.) Plaintiff (or someone acting on her behalf) thereafter submitted a second summons form with a different address (this time in North Carolina), but again without a name and title of an individual to receive service on behalf of Defendant (despite the fact that Plaintiff long since would have received a clear directive from the Court of that requirement and the consequences of failing to comply). (See Docket Entry 8 at 1.) The undersigned Magistrate Judge thereafter reviewed the case and noticed the insufficiency of the second summons submitted by (or on behalf of) Plaintiff, as well as the fact that her IFP Application and Complaint all appeared to lack a traditional signature and, instead, appeared to feature a mere printed version of Plaintiff's name in the signature block. (See Docket Entry 1 at 3; Docket Entry 2 at 5.) In fact, said "signatures" matched the printed version of Plaintiff's name in the first paragraph of the IFP Application. (Compare id., with Docket Entry 1 at 1.)

Moreover, the undersigned Magistrate Judge determined that the printing on Plaintiff's IFP Application and the "signatures" on her Complaint and IFP Application all bear significant, distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1-3, Docket Entry 2 at 5, with

Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Golden v. Absolute Collection Servs., No. 1:12CV956, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Further, a review of the complaints in those cases revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; and 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "15 U.S.C 1681b," and "COUNT III." (Compare Docket

Entry 2, with Ferguson, No. 1:12CV493, Docket Entry 2; Golden, No. 1:12CV875, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Golden, No. 1:12CV956, Docket Entry 2; Durham, No. 1:12CV957, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; Ferguson, No. 1:12CV1023, Docket Entry 2; Golden, No. 1:12CV1097, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[2]

Given the foregoing circumstances and the signature requirement imposed by Federal Rule of Civil Procedure 11(a), the undersigned Magistrate Judge set this case for a status conference and placed 13 other similar cases on for hearings/status conferences on the same calendar. (See Docket Entry 9.) Plaintiff did not appear as directed. (See Docket Entry dated Nov. 26, 2012.) Indeed, only one of the plaintiffs from the other similar cases noticed for proceedings on that date appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but did acknowledge that he had talked to someone he knew only as "Mussa" about

---

[2] Another similar lawsuit filed by (or in the name of) Plaintiff also shared such characteristics. (See Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9.) Yet another lawsuit (not listed above) matches the cases cited here except that its original complaint appears to have a traditional signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2; but see id., Docket Entry 12 at 5 (setting out printed name in signature box for amended complaint).)

-5-

improving his credit record.  (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[3]

DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.  Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).  In this case, Plaintiff disobeyed the Court's Orders to submit a properly-completed summons form and to appear at a status conference.  These circumstances warrant dismissal under Federal Rule of Civil Procedure 41(b).

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly."  Id.  Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal."  Id.  In this case, Plaintiff (or whoever improperly filed this case in her name) bears sole responsibility for the

---

[3] The Clerk maintains an audio-recording of all the proceedings from that calendar.

instant non-compliance, the conduct (and inaction) at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this apparent sham lawsuit while memories remained freshest and before greater risk of loss of pertinent documents), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever improperly filed this case in her name), and no other sanction appears feasible or sufficient.

As to that last point, the Court (per the undersigned Magistrate Judge) specifically warned Plaintiff that her failure to submit a timely, properly-completed summons form could result in dismissal of this case. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed under Federal Rule of Civil Procedure 41(b).

                                       /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                         **United States Magistrate Judge**
June 4, 2013

-7-

Case 1:11-cv-01093-TDS-LPA   Document 10   Filed 06/04/13   Page 7 of 7